IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 JAN 27 P 4: 15

CLERK McCarthy
SO. DIST. OF GA

| | | |
|---|---|---|
| SHELDON ANTHONY CROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 107-125 |
| | ) | (Formerly CR 103-089) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. In his first objection, Petitioner argues that the waiver of his right to file a collateral attack should not be enforced because the undersigned "sentenced the Petitioner to a range far greater than that required by the guidelines." (Doc. no. 12, p. 2). However, as the Magistrate Judge explained, Petitioner waived all rights to collateral post-conviction attack, without regard to the sentence imposed. (Doc. no. 10, p. 3 (citing United States v. Cross, CR 103-089, doc. no. 5, p. 2)). Only if the sentence imposed upwardly departed from the United States Sentencing Guidelines range did the plea agreement preserve Petitioner's "right to file a direct appeal (but not a collateral attack) of the sentence imposed (but not the voluntariness, providence or factual basis of [Petitioner's] entry of a guilty plea pursuant to this

agreement)." (Id. (emphasis added)). Not only did Petitioner's 84 month sentence of imprisonment fall within the 78-97 month range of imprisonment provided for by the Sentencing Guidelines, but any upward departure would only have allowed for a direct appeal of the sentence imposed. As Petitioner is now attempting to collaterally attack the entry of his guilty plea, his misguided argument about the length of his sentence has no bearing on the Magistrate Judge's conclusion that the instant § 2255 motion should be denied. Therefore, Petitioner's objection is **OVERRULED**.[1]

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Therefore, Petitioner's requests for an evidentiary hearing are **DENIED**, Petitioner's § 2255 motion is **DENIED**, this civil action is **CLOSED**, and the Clerk is **DIRECTED** to enter a final judgment in favor of Respondent.

Also, a Certificate of Appealability may issue only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). As demonstrated by the Magistrate Judge's Report and Recommendation, which is now adopted as the opinion of this Court, Petitioner has not made the requisite showing. Accordingly, Petitioner's request for a Certificate of Appealability is **DENIED**. (Doc. no. 13).

SO ORDERED this 27th day of January, 2009, at Augusta, Georgia.

UNITED STATES DISTRICT JUDGE

---

[1] Petitioner's second objection is without merit and is likewise **OVERRULED**.

2